| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** RECEIVED<br>JAN 1 7 2008 | | 3:04-00190-01 |
| | | DOCKET NUMBER *(Rec. Court)* |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Osborne      Billy      Joe<br><br>*JUDGE CASTILLO*<br><br>08CR 0159 | DISTRICT<br>U.S. PROBATION OFFICE<br>CHICAGO, ILLINOIS<br>Middle District of Tennessee | DIVISION<br><br>Nashville |
| | NAME OF SENTENCING JUDGE<br><br>Aleta A. Trauger, U.S. District Judge | |
| | DATES OF PROBATION/SUPERVISED<br>RELEASE: | FROM<br>04/02/2007 | TO<br>04/01/2010 |
| OFFENSE      MAGISTRATE JUDGE COX<br>Conspiracy to Sell and Distribute Satellite Decryption Devices - 18:371 | FILED<br>2-25-08<br>'J N  FEB 25 2008 | |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE          Middle District of Tennessee

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

11-13-07
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE          Northern District of Illinois

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 1 4 2008
_____
*Effective Date*

_____
*United States District Judge*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

ATTEST AND CERTIFY,
**A TRUE COPY**
Clerk
U. S. District Court
Middle District of Tennessee

By: *Kathryn Bradley*
　　　　Deputy Clerk

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

UNITED STATES OF AMERICA

v.

BILLY JOE OSBORNE

**'JUDGE CASTILLO**

CASE #: 3:04-00190-01
USM #: 16584-075

BARRY R. TIDWELL, ESQ.
DEFENDANT'S ATTORNEY

**THE DEFENDANT:**

[X] pleaded guilty to count 1 of the Indictment.

# 08CR  0159

Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

# MAGISTRATE JUDGE COX

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to sell and distribute satellite decryption devices | 3/9/2001 | 1 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[x] Count 2 of the Indictment are dismissed as to this defendant on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States District Court and the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

April 2, 2007
Date of Imposition of Judgment

Signature of Judge

Aleta A. Trauger, U.S. District Judge
Name & Title of Judge

Date: April 4, 2007

DEFENDANT: BILLY JOE OSBORNE
CASE NUMBER: 3:04-00190-01

# PROBATION

The defendant is hereby sentenced to probation for a term of 36 months.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the Court.
[] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
[x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)
[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
[] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)
[] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (as set forth below).  The defendant shall also comply with any additional, special conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reason;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

DEFENDANT: BILLY JOE OSBORNE

CASE NUMBER: 3:04-00190-01

# PROBATION

# SPECIAL CONDITIONS

1. The defendant shall be on home detention for the first 6 months of probation beginning as soon as practicable from time of sentencing. He shall be placed on electronic monitoring and pay all or part of the cost, should the probation office determine he is able to do so. While on home detention, the defendant is required to remain in his residence at all times except for approved absences for gainful employment, community service, religious services, medical care of treatment needs and such other times as may be specifically authorized by the probation officer. Should the defendant be allowed to move to Chicago for his employment before the completion of his home detention, the court will defer the requirement of electronic monitoring to the discretion of the U.S. Probation Office in Chicago, Illinois.

2 . The defendant shall pay restitution to the victim identified in the presentence report in an amount totaling $800,000.00, jointly and severally with codefendant Dale Kenneth Kubin and with all other individuals previously and/or subsequently convicted or participation in the scheme upon which the defendant's conviction is based. Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN 37203. Restitution is due immediately. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might effect ability to pay.

3. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Office upon request.

4. The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.

5. The defendant shall not incur new debt or open additional lines of credit without the prior approval of the U.S. Probation Office unless the defendant is in compliance with the payment schedule for any court-imposed financial sanctions.

6. The defendant shall timely file any income tax returns as required by law and shall provide a copy of all returns, with schedules attached, to the United States Probation Office within 5 days of filing. The defendant shall provide the probation officer access to any requested financial information. The defendant shall file all back tax returns by August 1, 2007.

7. The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the cost for mental health treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

8. The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.

9. The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons

10. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office

DEFENDANT: BILLY JOE OSBORNE
CASE NUMBER: 3:04-00190-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 800,000.00 |

[] The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (*AO 245C) will be entered after such determination.
[] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximate proportioned payment, unless specified otherwise in the priority order or percentage column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or % |
|---|---|---|---|
| DIRECTV | | $800,000.00 | |
| c/o James F. Whalen, Vice President | | | |
| Office of Signal Integrity | | | |
| 2230 East Imperial Highway | | | |
| El Segundo, CA 90245 | | | |
| Telephone: (310) 964-4620 | | | |
| RE: Jason Tolleson, et al Satellite Decryption Case | | | |
| **Totals:** | **$** | **$ 800,000.00** | |

[] Restitution amount ordered pursuant to plea agreement                    $

[] The defendant must pay interest on any fine or restitution of more than $ 2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency, pursuant to 18 U.S.C. § 3612(g).

[] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    [] The interest requirement is waived.
    [] The interest requirement is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BILLY JOE OSBORNE

CASE NUMBER: 3:04-00190-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    [x] Lump sum payment of $800,100.00 due immediately, balance due
           [] not later than _____ , or
           [x] in accordance with C, D, E, or F; or

**B**    [] Payment to begin  immediately (may be combined with C,  D, or F); or

**C**    [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____over a
        period of _____(e.g. months or years), to commence _____(e.g., 30 or 60 days) after the date of
        this judgment; or

**D**    [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____over a
        period of _____(e.g. months or years), to commence _____(e.g., 30 or 60 days) after release from
        imprisonment to a term of supervision; or

**E**    [] Payment during the term of supervised release will commence within _____(e.g, 30 or 60 days) after
        release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to
        pay at that time; or

**F**    [x] Special instructions regarding the payment of criminal monetary penalties:
The defendant shall pay restitution to the victim identified in the presentence report in an amount totaling $800,000.00, jointly and severally with codefendant Dale Kenneth Kubin and with all other individuals previously and/or subsequently convicted or participation in the scheme upon which the defendant's conviction is based.  Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN 37203.  Restitution is due immediately.  If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program.  Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income.  No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered.  Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might effect ability to pay.

**Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are to be made payable to the Clerk, U.S. District Court, located at 800 U.S. Courthouse, 801 Broadway, Nashville, TN 37203.**

**The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

[x] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.  Dale Kenneth Kubin 3:04-00190-02; J. Jason Tolleson 3:02-00096-01;
Christopher L. Tanksley 3:02-00096-02; William Franklin Rice, Jr. 3:02-00096-03; Tracy Dwayne Lee 3:02-00096-04; Bryan Thomas Wilson 3:02-00096-05;
Timothy Allen Nemeth 3:03-00173-01; Donald R. Nance, II 3:05-00179; 3:06-00032-01 Brian Matthew Dorsett

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

**F I L E D**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

NOV 0 3 2004

BY _____
DEPUTY CLERK

*JUDGE CASTILLO*

*MAGISTRATE JUDGE COX*

08CR 0159

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. ___3:04-00190___ |
| v. | ) | |
| | ) | 18 U.S.C. § 2 |
| BILLY JOE OSBORNE | ) | 18 U.S.C. § 371 |
| DALE KENNETH KUBIN | ) | 47 U.S.C. § 605(e)(4) |

**SEALED**
**UNSEALED**

INDICTMENT

Introduction

The Grand Jury finds that at all times material to the matters addressed in this indictment:

1. DirecTV, Inc. (hereinafter "DirecTV") was a California corporation engaged in the business of delivering satellite television programming to its subscribers. DirecTV had invested more than one billion dollars ($1,000,000,000) to develop its direct broadcast satellite television system. DirecTV delivered television programming to the homes and businesses of its subscribers in the United States equipped with DirecTV satellite signal receiving equipment. That equipment included a satellite dish (hereinafter "Dish"), an integrated receiver/decoder (hereinafter "Receiver") and a DirecTV access card (hereinafter "Access Card") which is necessary to operate the Receiver.

2. Consumers who purchased DirecTV equipment could subscribe to various packages of DirecTV programming for which the subscriber paid a periodic fee, usually monthly. A subscriber also could order pay-per-view events and movies.

ATTEST AND CERTIFY
**A TRUE COPY**
Clerk
U.S. District Court
Middle District of Tennessee
By: _Kathleen Beasley_
Deputy Clerk

3. DirecTV contracted with and paid program providers such as cable networks, motion picture distributors, sports leagues, event promoters, and other programming rights holders, for the right to distribute their programming to its subscribers.

4. All programming distributed by DirecTV was delivered to DirecTV's broadcast centers in Castle Rock, Colorado, and Los Angeles, California. At the broadcast centers DirecTV digitized and compressed the programming. The resulting signal was encrypted, that is, electronically scrambled by DirecTV to prevent unauthorized reception. DirecTV then transmitted the signal to five satellites located in stationary orbit approximately 22,300 miles above the equator.

5. The satellites relayed the encrypted signal back to earth where it could be received by DirecTV's subscribers. The satellite signal was received by each subscriber's Dish and transmitted by wire to the Receiver. The Receiver acted like a computer to process the incoming signal using information from the credit card sized Access Card.

6. Each Access Card contained a computer chip with copyrighted software and a unique electronic identifying number. The Access Card controlled which DirecTV programming the subscriber received unscrambled based on the programming package purchased by the subscriber. It also captured and transmitted to DirecTV the subscriber's pay-per-view orders.

7. The Receiver contained a computer microprocessor and proprietary verification software. This proprietary verification software made a comparison approximately every eight seconds between a unique code transmitted continuously with each DirecTV program and an authorization code generated using the Access Card to confirm that the subscriber was authorized to receive that program.

8. Beginning in about November 1995, various illicit devices were produced and sold to allow the unscrambling of DirecTV programming without authorization from or the payment of subscription fees to DirecTV. These devices sometimes were created by inserting unauthorized or "pirate" software into the computer chip in the Access Card. The "pirate" software provided false information to the proprietary verification software contained in the Receiver when the proprietary verification software queried the Access Card to verify that the subscriber was authorized to receive certain programming. The false information provided by the "pirate" software caused the proprietary verification software to decrypt all channels without authorization from or payment of subscription fees to DirecTV.

9. To combat the use of these illicit devices, DirecTV began to periodically disseminate so-called "electronic counter measures" (hereinafter sometimes "ECMs"). ECMs were electronic messages sent through the satellite data stream to deactivate the illicit Access Cards. Some of the ECMs corrupted or "looped" the "pirate" software in the illicit Access Cards to make them inoperable. The "pirate community" developed "unlooper" devices, which could restore the software in the "looped" Access Cards to allow them to again be illicitly programmed to decrypt all DirecTV's satellite signals.

10. To further combat the use of these illicit Access Cards, DirecTV initiated a replacement of its original Access Cards. New, more secure, Access Cards, sometimes known as "H cards" (hereinafter "H cards") were sent to all DirecTV subscribers in 1997. However, by August of 1997 the "H card" also had been compromised.

11. Beginning in February 1999, DirecTV provided another new Access Card, sometimes known as the "HU card" (hereinafter "HU card") to its hardware manufacturers for use in new

3

satellite television equipment. The "HU card" remained secure until November 2000 when a number of Internet web sites announced that they were selling illicitly modified "HU cards".

12. Beginning in about January 2001, devices called "HU loaders" began to be available for use in illicitly modifying DirecTV "HU cards" to enable viewing of all DirecTV channels without payment of the required subscription fees or pay-per-view fees to DirecTV. One form of "HU loader" was created by inserting small printed circuit boards with components, sometimes called "daughter boards", into certain "unlooper devices" to convert them into "HU loaders".

<u>COUNT ONE</u>

THE GRAND JURY CHARGES:

1. From in or about December of 2000 and continuing until on or about March 9, 2001, in the Middle District of Tennessee and elsewhere, the defendants, **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN**, did combine, conspire, confederate and agree with other persons to the Grand Jury both known and unknown, to commit an offense against the United States, that is, to sell and distribute electronic devices and equipment, knowing or having reason to know that the devices and equipment were primarily of assistance in the unauthorized decryption of direct-to-home satellite television services and were intended for an activity prohibited by Title 47, United States Code, Section 605(a), in violation of Title 47, United States Code, Section 605(e)(4).

2. It was part of the conspiracy that the defendants, **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN**, sold and distributed an "HU loader" and "daughter boards" and source code necessary for the assembly of additional "HU loaders."

4

3. It was further a part of the conspiracy that the defendant, **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN**, and other persons to the Grand Jury both known and unknown agreed to sell and distribute an "HU loader" and "daughter boards" and source code necessary for the assembly of additional "HU loaders."

<u>Overt Acts</u>

4. As part of the above conspiracy and for the purpose of effecting the objects and purposes thereof, **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN** committed and caused the commission of one or more of the following overt acts, among others:

a. On or about January 19, 2001, **BILLY JOE OSBORNE** and another individual known to the Grand Jury (hereinafter referred to as "Individual A") traveled to the Detroit, Michigan and met with **DALE KENNETH KUBIN** and an individual from Nashville, Tennessee (hereinafter referred to as "Individual B") to provide approximately fifty "daughter boards" for "HU loaders" to Individual B in exchange for approximately $125,000 in cash;

b. On or about February 2, 2001, **BILLY JOE OSBORNE** directed Individual A to arrange for Individual B to wire approximately $210,000 to a business in the Chicago, Illinois area to pay for additional "daughter boards" for "HU loaders";

c. On or about February 6, 2001, **BILLY JOE OSBORNE** directed Individual A to advise Individual B that the approximately $210,000 that had been wired to a business in the Chicago, Illinois area to pay for additional "daughter boards" for "HU loaders" would be returned to Individual B because the owner of the business in the Chicago, Illinois area did not want to convert the funds into cash;

5

d.  On or about February 8, 2001, **BILLY JOE OSBORNE** directed Individual A to travel to Nashville, Tennessee from Midway Airport in Chicago, Illinois on Southwest Airlines Flight Number 1324 and deliver to Individual B "daughter boards" for "HU loaders" in exchange for cash;

e.  On or about February 12, 2001, Individual A traveled to Nashville, Tennessee from Midway Airport in Chicago, Illinois on Southwest Airlines Flight Number 106 and delivered to Individual B "daughter boards" for "HU loaders" in exchange for cash;

f.  On or about February 13, 2001, Individual A traveled to Detroit, Michigan from Midway Airport in Chicago, Illinois on Southwest Airlines Flight Number 706 and delivered to **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN** the cash received in Nashville for the exchange of "daughter boards";

g.  On or about March 8, 2001, Individual A traveled to Detroit, Michigan from Midway Airport in Chicago, Illinois on Southwest Airlines Flight Number 527 and returned to Midway Airport on Southwest Airlines Flight 706 later that same day after obtaining a 3.5 inch floppy diskette containing source code for the "HU loader" software from **DALE KENNETH KUBIN**;

h.  On or about March 9, 2001, Individual A traveled to Nashville, Tennessee from Midway Airport in Chicago, Illinois on Southwest Airlines Flight Number 2486 and delivered to Individual B a Federal Express package and a 3.5 inch floppy diskette containing source code for the "HU loader" software in exchange for approximately $125,000 in cash;

i.  On or about March 9, 2001, Individual A returned from Nashville, Tennessee to Midway Airport in Chicago, Illinois on Southwest Airlines Flight Number 2050 with the cash he had received from Individual B and gave that cash to **BILLY JOE OSBORNE**.

All in violation of Title 18, United States Code, Section 371.

6

<u>COUNT TWO</u>

THE GRAND JURY FURTHER CHARGES:

From in about January 2001 and continuing to in about March 2001, in the Middle District of Tennessee and elsewhere, the defendants, **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN**, did intentionally sell and distribute electronic devices, knowing and having reason to know that the devices were primarily of assistance in the unauthorized decryption of direct-to-home satellite television services, thereby enabling users to illegally decrypt satellite signals from DirecTV satellites and receive unauthorized pay-per-view and other premium programming, including HBO, Showtime, and Cinemax, without paying the subscriber fees and costs normally associated with such premium satellite broadcast services.

In violation of Title 47, United States Code, Section 605(e)(4) and Title 18, United States Code, Section 2.

7

## SENTENCING ALLEGATIONS

1. The infringement amount from these offenses was more than $800,000.

2. These offenses were committed for private financial gain.

3. Defendants **BILLY JOE OSBORNE** and **DALE KENNETH KUBIN** were leaders in the commission of criminal activity that involved five or more participants and was otherwise extensive.


A TRUE BILL


FOREPERSON                          _____


JAMES K. VINES
UNITED STATES ATTORNEY

8

1

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennessee
By: Kathleen Beasley
Deputy Clerk

1     UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF TENNESSEE
2                NASHVILLE DIVISION

3     _____

4
      UNITED STATES OF AMERICA          )
5                                       )
                                        )
6                                       )
      vs.                               )   CASE NO. 3:04-00190
7                                       )
                                        )
8     BILLY JOE OSBORNE                 )
                                        )
9     _____

10              EXCERPT OF PROCEEDINGS
                SENTENCING HEARING
11    _____

12    BEFORE:            THE HONORABLE ALETA A. TRAUGER

13    DATE:              APRIL 2, 2007

14    TIME:              1:00 P.M.

15    _____

16    APPEARANCES:

17    FOR THE GOVERNMENT:    PHILIP WEHBY
                             U.S. Attorney's Office
18                           Nashville, Tennessee

19    FOR THE DEFENDANT:     BARRY TIDWELL
                             Murfreesboro, Tennessee
20    _____

21
      REPORTED BY:           BEVERLY E. "BECKY" COLE, RPR CCR
22                           OFFICIAL COURT REPORTER
                             A-837 U.S. COURTHOUSE
23                           NASHVILLE, TN  37203
                             (615) 254-6727
24

25

2

1          THE COURT:  Okay.  Thank you.  Okay.  The court

2   is going to grant the government's motion for downward

3   departure, and I'll -- I would note in this case that it

4   seems to me that Mr. Osborne is toward the top of this

5   conspiracy in terms of his cooperation and the timeliness of

6   it and the worth of it.

7          He apparently agreed to cooperate within just a few

8   days of his arrest and extremely valuable -- two things

9   extremely valuable that I'm not sure we have got from anyone

10  else in this conspiracy; first of all, all the records that

11  he had that he turned over which were able to corroborate

12  lots of things for the government and were available for any

13  trials that would need those documents.  And I'm not sure

14  anybody else turned over the volume of material that Mr.

15  Osborne turned over.

16         Also, his continuing help to the access card company,

17  and I've read their letter which says that he has materially

18  contributed to their understanding -- is that the Direct TV

19  letter -- to their understanding of the hack.  Is that

20  Direct TV or NAD?

21         MR. JONES:  NDS, Your Honor, which I think now

22  is an affiliate of Direct TV.

23         MR. TIDWELL:  That's correct, Your Honor.

24         THE COURT:  Okay.

25         MR. TIDWELL:  And Mr. Wilson, who authored that

1   letter, represents Direct TV as well as NDS.

2           THE COURT:  Okay.  And that's extremely valuable

3   to Direct TV on a going forward basis to help to be able to

4   avoid these kinds of problems in the future.

5       So all of that I see as extremely valuable.  The

6   government said it would not object or be offended -- I

7   won't use the word "objection".  I will say the government

8   said it would not be offended were I to go down five levels

9   for Mr. Osborne as I did for Mr. Tolleson.

10      And that would place Mr. Osborne in the 30 to 37

11  month category with an offense level of 15 and IV.  And I'm

12  not technically going to go down -- I'm not technically

13  going to say I'm going to go down five levels, but that's

14  what it would be if I technically went down five levels

15  under the guidelines.

16      The court sees no reason to send Mr. Osborne to

17  prison.  I see nothing to be gained by that in this case.

18  This sentence is to be sufficient but not greater than

19  necessary to comply with the purposes of sentencing and the

20  purposes set forth in the statute.

21      And these are the factors that are going into my

22  consideration of this sentence:  Obviously, the role he

23  played in this conspiracy, it's a serious offense.  The

24  court takes it seriously.  It obviously did great harm to

25  Direct TV.  Mr. Osborne did not make the money out of it

1   that several other of the people in this conspiracy made,

2   certainly Mr. Tolleson.

3       He did not originate this hack.  He was a kind of

4   go-between between various individuals and certainly was a

5   participant in an offense that caused great harm to Direct

6   TV.

7       However, Mr. Osborne has done as much and probably

8   more than anyone, it seems to me, to correct that harm to

9   help the victims of this crime avoid that future harm of

10  this sort, and the court weighs that heavily.

11      In terms of the history and characteristics of Mr.

12  Osborne, he presents a very interesting background for the

13  court with offenses in his youth that appear pretty serious

14  and yet they were a very long time ago, and have not been

15  repeated.

16      And from everything that I have read from the letters

17  and the presentence report, all the people that were willing

18  to come and testify at the sentencing hearing that was

19  unavoidably postponed, it appears that Mr. Osborne has risen

20  very far above some unfortunate incident in his youth, both

21  in his family situation and in the offenses that he

22  committed to get to the point that without a college degree

23  he's making very good money and has a very responsible job.

24      It appears to the court that again rising above a

25  different kind of a family life as a child that he has

1  created for his own family the kind of family that he wanted

2  to have, a very positive relationship with his children and

3  his wife, who he knew since high school.

4      Other than kind of a puzzling medical history, which

5  I hope will be mitigated some once this is over today

6  because it appears to me as though Mr. Osborne has been on

7  too much medication perhaps due to stress and depression

8  from this charge, but other than that, it appears that Mr.

9  Osborne has been -- during the five or six years since this

10 -- his acts with regard to this conspiracy were over, he has

11 accepted responsibility for this and has chosen to lead his

12 life in an exemplary fashion.

13     And the court feels that he has very much learned his

14 lesson and that there is no reason to interrupt his

15 excellent prospect at employment where he can pay money back

16 that he owes on this restitution, and the court feels that

17 the victims of this offense are perhaps as interested in

18 their restitution as they are in sending people off to jail.

19 And I think that interrupting the career path of Mr. Osborne

20 at this particular time would not be helpful to paying this

21 large amount of restitution.

22     So it seems to the court -- looking at the other

23 sentences that have been given in this case and all the

24 factors that I have recited, it seems to me that a period of

25 probation of 36 months with six months on home detention

1    would be an appropriate sentence here.

2        I think that that will be a just punishment for this

3    offense.  It will promote respect for the law.  It reflects

4    the seriousness of the offense balanced against all of his

5    cooperation and assistance to authorities and to the

6    victims.

7        And I believe it will protect the public from further

8    crimes.  It certainly will keep Mr. Osborne on his career

9    path and allow him to make the restitution payments that he

10   must make.

11       And I think that's very much in line with the

12   sentences in this case of defendants with similar roles, so

13   I don't think it will result in unwarranted sentencing

14   disparities.

15       The home detention will be with electronic

16   monitoring, if that six months is interrupted by the move to

17   Chicago, I will defer to the Chicago office in terms of --

18   do we have someone here from probation?

19               PROBATION OFFICER:  Yes, Your Honor.

20               THE COURT:  Okay.  I will defer to the Chicago

21   office whether or not they do the home detention -- the

22   electronic monitoring if the six months is not up by the

23   time he moves.

24       I don't levy a fine because I want him to pay the

25   restitution, restitution in the amount of $800,000 jointly

1    and severally with the other defendants in this case.

2         The $100 assessment must be paid.  Restitution will

3    be paid through the Clerk's office for the benefit of Direct

4    TV.  He's to make payments on that in the amount of

5    10 percent of his gross monthly income.

6         He's to furnish all financial records, including

7    without limitation earnings records and tax returns, to the

8    probation office upon request.  He's to maintain verifiable

9    employment subject to the approval of the probation office.

10        He's not to incur any new debt or open additional

11   lines of credit without prior approval of the probation

12   office.

13        He's to file -- timely file all income tax returns

14   and provide copies of all returns to the probation office

15   within five days of filing.

16        And I'm going to add to that he is to file all back

17   tax returns by when?  When are you going to have that done?

18   Within three months?

19             MR. TIDWELL:  Your Honor, ninety days, three

20   months would be plenty of time, we think.

21             THE COURT:  Okay, within three months.  And that

22   doesn't -- I don't know if you will be able to pay the taxes

23   on that or not, I would hope so, but that might be --

24   depending on the penalty and interest, it might be

25   substantial.  But those returns at least need to be filed

1    within three months.  And I'm sure you can work out a

2    payment schedule with the IRS.  You have an accountant

3    preparing these, correct?

4              MR. OSBORNE:  Yes.

5              THE COURT:  Okay.  You are to participate in a

6    mental health program as directed by probation office and

7    pay a part of the cost or all of it if you can pay it or

8    have the financial ability to do.

9              You are to participate in a program of drug testing

10   and substance abuse treatment which may include an inpatient

11   treatment program if necessary.

12             You are prohibited from owning, carrying or

13   possessing firearms, destructive devices or other dangerous

14   weapons, and you are to cooperate in the collection of DNA

15   as directed by the probation office.

16             Mr. Osborne, you have gotten a very large break.  It

17   -- it's very important that you comply with all these

18   conditions so that there's no violation petition brought

19   before me.  And that certainly would include your health

20   issues and the drugs that are going along with your health

21   issues.  I just want to caution you about that, because I

22   have a little bit of concern about that issue.

23             To the extent that you retained your right to appeal

24   in your plea agreement, any appeal must be filed within ten

25   days.  You may apply to appeal under the pauper's oath, and

1    the Clerk will file your notice of appeal if you request the

2    Clerk to do so.

3         What -- I guess we don't need to worry about his

4    report date.

5         Mr. Jones, do you wish to dismiss Count Two?

6              MR. JONES:  Yes, ma'am, please.

7              THE COURT:  That motion will be granted.  Is

8    there anything else on this case?

9              MR. TIDWELL:  Your Honor, just briefly.  I have

10   a receipt where Mr. Osborne has paid his special assessment.

11   I guess as opposed to making it an exhibit, I will just

12   provide to it probation.  Would that be appropriate?

13             THE COURT:  That would be good --

14             MR. TIDWELL:  Okay.  I wanted to make you aware

15   of that.

16             THE COURT:  -- so they can see it, yes.  Mr.

17   Osborne, tell me who's here with you today.

18             MR. OSBORNE:  Your Honor, my wife, Sherry; my

19   son Drew; my son Anthony, my mother-in-law, Donna Cultetti

20   (phonetic), and my friend Dawn Glasgow, from Chicago.

21             THE COURT:  Does she work with your employer?

22             MR. OSBORNE:  No, actually she's a school

23   teacher in Chicago.

24             THE COURT:  I think I read your letter.  I had

25   lot of letters to read in this case.  Thank you all for

```
 1   coming.  And I know that you all will help Mr. Osborne

 2   comply with all his conditions, and I trust that I will not

 3   see you again, trust the criminal justice system will not

 4   see you again.

 5            MR. OSBORNE:  They will not.

 6            THE COURT:  You appear to be doing a fine job

 7   with your family and sons, and I wish you all good luck.

 8            MR. OSBORNE:  Thank you, Your Honor.

 9            THE COURT:  We are in recess.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      REPORTER'S CERTIFICATE

 2

 3          I, BEVERLY E. "BECKY" COLE, Official Court Reporter

 4     for the United States District Court for the Middle District

 5     of Tennessee, with offices at Nashville, do hereby certify:

 6          That I reported on the stenotype shorthand machine

 7     the proceedings held in open court on APRIL 2, 2007, in the

 8     matter of UNITED STATES OF AMERICA vs. BILLY JOE OSBORNE,

 9     Case No. 3:04-00190;

10          That an excerpt of proceedings in connection with

11     the hearing was reduced to typewritten form by me;

12          That the foregoing transcript is a true and

13     accurate record of the proceedings to the best of my skills

14     and abilities;

15          This the 3rd day of APRIL, 2007.

16

17

18

19                           /s/
                     BEVERLY E. COLE, RPR CCR
20

21

22

23

24

25
```

JUDGE CASTILLO

TRJ-OUT

**U.S. District Court**
**Middle District of Tennessee (Nashville)**
**CRIMINAL DOCKET FOR CASE #: 3:04-cr-00190-1**
Internal Use Only

MAGISTRATE JUDGE COX

08CR  0159

Case title: USA v. Osborne, et al

Date Filed: 11/03/2004
Date Terminated: 04/04/2007

---

Assigned to: District Judge Aleta A. Trauger

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennesse

By: _Kathryn Beasly_
Deputy Clerk

**Defendant**

**Billy Joe Osborne (1)**
*TERMINATED: 04/04/2007*

represented by  **Barry R. Tidwell**
Price & Tidwell, LLC
520 W Lytle Street
Suite A
Murfreesboro, TN 37130
(615) 893-1239
Email: barrytidwell@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| Indictment filed 11/3/04: 18:371 Conspiracy to sell and distribute satellite decryption devices (1) | Plea of guilty to Count 1. Placed on probation for 3 years, with special conditions. Restitution in the amount of $800,000.00, jointly and severally. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| Indictment filed 11/3/04: 47:605(e)(4) and 18:2 Sale and distribution of satellite decryption devices (2) | Count 2 dismissed on motion by Govt. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**

represented by  **Byron M. Jones**
Office of the United States Attorney
110 Ninth Avenue, S

Suite A961
Nashville, TN 37203-3870
(615) 736-5151
Email: byron.jones@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2004 | | (Court only) Docket Modification (Utility) Case sealed . (as) (Entered: 11/04/2004) |
| 11/03/2004 | 1 | INDICTMENT filed by Govt against defts Billy Joe Osborne (Counts 1, 2) and Dale Kenneth Kubin (Counts 1, 2) (as) (Entered: 11/04/2004) |
| 11/04/2004 | | ARREST Warrant issued for Billy Joe Osborne (as) (Entered: 11/04/2004) |
| 11/22/2004 | 2 | MOTION by Govt to unseal the indictment as deft Billy Joe Osborne has been arrested . (seal) (Entered: 11/24/2004) |
| 11/22/2004 | 3 | ORDER by Magistrate Judge Juliet E. Griffin: Motion by Govt to unseal the indictment as deft Billy Joe Osborne has been arrested [2-1] is GRANTED. Case unsealed as to defts Billy Joe Osborne and Dale Kenneth Kubin . (EOD 11/24/04) (cc: all counsel) (seal) (Entered: 11/24/2004) |
| 11/22/2004 | | (Court only) (seal) (Entered: 11/24/2004) |
| 11/22/2004 | 4 | ARREST Warrant executed as to deft Billy Joe Osborne on 11/22/04 (as) (Entered: 11/24/2004) |
| 11/22/2004 | | ARREST of deft Billy Joe Osborne on 11/22/04 (as) (Entered: 11/24/2004) |
| 11/22/2004 | 5 | MOTION by Govt for pretrial detention as to deft Billy Joe Osborne (as) (Entered: 11/24/2004) |
| 11/22/2004 | 6 | CLERKS RESUME of hearing before Magistrate Judge Juliet E. Griffin: Initial appearance of deft Billy Joe Osborne held 11/22/04. Deft appeared with retained counsel Barry Tidwell . Deft temporarily detained on motion by Govt [5-1]. Detention hearing is set for 11/23/04 at 3:00 p.m. Deft arraigned; entered a plea of not guilty . (as) (Entered: 11/24/2004) |
| 11/22/2004 | 7 | ORDER of Temporary Detention by Magistrate Judge Juliet E. Griffin: On motion by Govt [5-1], a detention hearing is set for 3:00 p.m. on 11/23/04 for deft Billy Joe Osborne . (cc: all counsel) (as) (Entered: 11/24/2004) |
| 11/24/2004 | 8 | CLERKS RESUME of hearing before Magistrate Judge Juliet E. Griffin: Deft Billy Joe Osborne appeared with counsel Barry Tidwell for detention hearing on 11/24/04 . Deft released on a $100,000 Bond secured by Deed of Trust Bond . Motion by Govt for pretrial detention [5-1] termed. (as) (Entered: 11/24/2004) |
| 11/24/2004 | 9 | APPEARANCE BOND ($100,000 Deed of Trust) by deft Billy Joe Osborne, Pikeville, TN. (as) (Entered: 11/24/2004) |
| 11/24/2004 | 10 | ORDER setting conditions of release by Magistrate Judge Juliet E. Griffin for deft Billy Joe Osborne (as) (Entered: 11/24/2004) |
| 12/07/2004 | 19 | ORDER by Judge Aleta A. Trauger: Jury trial is set for 9:00 a.m. on 2/8/05 for defts Billy Joe Osborne and Dale Kenneth Kubin . If a plea agreement is reached by Thursday before trial, the Courtroom deputy shall be notified and the proposed plea agreement submitted to the Court by Friday before trial. (EOD 12/8/04) (cc: all counsel) (kb) (Entered: 12/08/2004) |
| 12/13/2004 | 20 | NOTICE by USPO of surrendered passport of deft Dale Kenneth Kubin on 12/6/04. (kb) (Entered: 12/13/2004) |

| 01/03/2005 | 27 | ORDER by Judge Aleta A. Trauger: Astatus conference is set for 1:30 p.m. on 1/18/05 for defts Billy Joe Osborne and Dale Kenneth Kubin . The motion by deft Dale Kubin for continuance [25-1] will be discussed at that time. (EOD 1/3/05) (cc: all counsel) (as) (Entered: 01/03/2005) |
|---|---|---|
| 01/03/2005 | 28 | ORDER by Judge Aleta A. Trauger: Omnibus Discovery Motion by deft Dale Kenneth Kubin [23-1] is DENIED as moot. (EOD 1/3/05) (cc: all counsel) (as) Modified on 01/03/2005 (Entered: 01/03/2005) |
| 01/03/2005 | 29 | ORDER by Judge Aleta A. Trauger: Motion by deft Dale Kenneth Kubin to defer motion for discovery [26-1] is GRANTED. (EOD 1/3/05) (cc: all counsel) (as) (Entered: 01/03/2005) |
| 01/03/2005 | 30 | COLLATERAL/BOND RECEIVED Receipt # 102465: Collateral received in the form of Deed of Trust, Box 175, Loews Gap Rd, Pikeville, TN as to deft Billy Joe Osborne (pl) (Entered: 01/18/2005) |
| 01/18/2005 | 31 | CLERKS RESUME of hearing before Judge Aleta A. Trauger: Deft Billy Joe Osborne and Dale Kenneth Kubin appeared with counsel for status conference on 1/18/05 . Motion to continue trial granted. Trial reset for 5/17/05; motion filing deadline set for 2/25/05, with responses due 3/11/05. Order to enter. OCR Becky Cole (as) (Entered: 01/19/2005) |
| 01/18/2005 | 33 | ORDER by Judge Aleta A. Trauger: Motion by deft Dale Kenneth Kubin to continue trial set for 2/8/05 [25-1] is granted. By separate order, the trial is continued until 5/17/05. Pretrial motions shall be filed by 2/25/05, with responses due by 3/11/05 . (EOD 1/19/05) (cc: all counsel) (as) (Entered: 01/19/2005) |
| 01/18/2005 | 34 | ORDER by Judge Aleta A. Trauger: Jury trial is reset for 9:00 a.m. on 5/17/05 for defts Billy Joe Osborne and Dale Kenneth Kubin . (EOD 1/19/05) (cc: all counsel) (as) (Entered: 01/19/2005) |
| 01/21/2005 | 35 | WAIVER OF SPEEDY TRIAL by deft Billy Joe Osborne (pl) (Entered: 01/24/2005) |
| 03/11/2005 | 39 | RESPONSE by Govt to Restated motion by deft Dale Kenneth Kubin for discovery [36-1] (kb) (Entered: 03/14/2005) |
| 03/11/2005 | 40 | RESPONSE by Govt to motion by deft Dale Kenneth Kubin to dismiss count 1 [38-1] (kb) (Entered: 03/14/2005) |
| 03/22/2005 | 42 | ORDER by Judge Aleta A. Trauger: Deft Dale Kenneth Kubin has filed a restated motion for discovery [36-1]. The Govt shall furnish defense counsel the substance of any other oral statement made by the deft to any person it intends to use at trial. The remainder of the motion is denied without prejudice. (EOD 3/23/05) (cc: all counsel) (as) (Entered: 03/23/2005) |
| 03/22/2005 | 43 | MEMORANDUM AND ORDER by Judge Aleta A. Trauger: Motion by deft Dale Kenneth Kubin to dismiss Count 1 [38-1] is DENIED. (EOD 3/23/05) (cc: all counsel) (as) Modified on 03/23/2005 (Entered: 03/23/2005) |
| 03/22/2005 | 44 | ORDER by Judge Aleta A. Trauger: A pretrial conference is set for 9:00 a.m. on 5/13/05 for defts Billy Joe Osborne and Dale Kenneth Kubin . (EOD 3/23/05) (cc: all counsel) (as) (Entered: 03/23/2005) |
| 03/23/2005 | 45 | ORDER by Judge Aleta A. Trauger: Motion by deft Dale Kenneth Kubin to allow business travel to Hong Kong from 4/10/05 through 4/20/05 [41-1] is GRANTED. (EOD 3/23/05) (cc: all counsel) (as) (Entered: 03/23/2005) |
| 05/04/2005 | 47 | JOINT MOTION by Govt and deft Dale Kenneth Kubin to continue trial set for 5/17/05 . (as) (Entered: 05/05/2005) |
| 05/06/2005 | 49 | ORDER by Judge Aleta A. Trauger: Motion by Govt and deft Dale Kenneth Kubin to continue trial set for 5/17/05 [47-1] is GRANTED, conditioned upon the timely filing of |

| | | |
|---|---|---|
| | | waivers of speedy trial by both defts. Status conference is set for 9:00 a.m. on 5/17/05 for deft Billy Joe Osborne and deft Dale Kenneth Kubin . THe pretrial conference set for 5/13/05 is cancelled. (EOD 5/6/05) (cc: all counsel) (kb) (Entered: 05/06/2005) |
| 05/12/2005 | 50 | NOTICE of hearing: Status conference is reset for 9:30 a.m. on 5/17/05 for deft Billy Joe Osborne and deft Dale Kenneth Kubin (kb) (Entered: 05/13/2005) |
| 05/17/2005 | 51 | WAIVER of Speedy Trial filed by deft Billy Joe Osborne (as) (Entered: 05/17/2005) |
| 05/17/2005 | 52 | CLERKS RESUME of hearing before Judge Aleta A. Trauger: Deft Billy Joe Osborne and deft Dale Kenneth Kubin appeared with counsel Bary Tidwell, Kimberly Hodde and James Burdick on 5/17/05. Trial is reset for 10/11/05. status hearing held on 5/17/05 OCR Becky Cole (kb) (Entered: 05/17/2005) |
| 05/17/2005 | 53 | ORDER by Judge Aleta A. Trauger: Jury trial is reset for 9:00 a.m. on 10/11/05 for deft Billy Joe Osborne and deft Dale Kenneth Kubin . If a plea agreement is reached by Thursday before trial, the Courtroom deputy shall be notified and the proposed plea agreement submitted to the Court by Friday before trial. (EOD 5/17/05) (cc: all counsel) (kb) (Entered: 05/17/2005) |
| 09/28/2005 | 56 | NOTICE OF HEARING as to Billy Joe Osborne and Dale Kenneth Kubin: Plea hearing is set for 10/13/2005 01:00 PM before District Judge Aleta A. Trauger. (as, ) (Entered: 09/28/2005) |
| 10/13/2005 | 57 | Minute Entry for proceedings held before Judge Aleta A. Trauger :Plea Agreement Hearing as to Billy Joe Osborne and Dale Kenneth Kubin held on 10/13/2005. Deft appeared with counsel, Barry Tidwell, James Burdick, Kim Hodde. Defts entered pleas of guilty to Count 1. Pleas accepted and reserved. (Court Reporter Becky Cole.) (kb, ) (Entered: 10/17/2005) |
| 10/17/2005 | 58 | ORDER as to Billy Joe Osborne, Dale Kenneth Kubin: Petition to enter a plea of guilty and the plea agreements shall be filed UNDER SEAL . Signed by Judge Aleta A. Trauger on 10/17/05. (kb, ) (Entered: 10/17/2005) |
| 10/17/2005 | 59 | PLEA AGREEMENT RESERVED as to Billy Joe Osborne (kb, ) (Entered: 10/17/2005) |
| 10/17/2005 | 61 | NOTICE OF HEARING as to Billy Joe Osborne: Sentencing set for 1/30/2006 09:00 AM in Courtroom 873 before District Judge Aleta A. Trauger. (kb, ) (Entered: 10/17/2005) |
| 10/19/2005 | 63 | MOTION to Continue by Billy Joe Osborne. (Tidwell, Barry) (Entered: 10/19/2005) |
| 10/20/2005 | 64 | ORDER as to Billy Joe Osborne: Granting 63 MOTION to Continue filed by Billy Joe Osborne. Sentencing reset for 2/13/2006 10:00 AM in Courtroom 873 before District Judge Aleta A. Trauger. Signed by Judge Aleta A. Trauger on 10/20/05. (kb, ) (Entered: 10/20/2005) |
| 01/11/2006 | 66 | MOTION for Leave to File Under Seal *Relating to Sentencing Hearing* by USA as to Billy Joe Osborne, Dale Kenneth Kubin. (Jones, Byron) (Entered: 01/11/2006) |
| 01/11/2006 | 67 | Sealed Motion (Jones, Byron) Modified on 1/12/2006 PER JUDGE TRAUGER'S ORDER 68(kb, ). (Entered: 01/11/2006) |
| 01/12/2006 | 68 | ORDER granting 66 Motion for Leave to File Document Under Seal as to Billy Joe Osborne (1) and Dale Kenneth Kubin (2). Signed by Judge Aleta A. Trauger on 1/12/06. (kb, ) (Entered: 01/12/2006) |
| 01/12/2006 | 69 | ORDER as to Billy Joe Osborne and Dale Kenneth Kubin: Sentencings reset for 5/15/2006 02:00 PM in Courtroom 873 before District Judge Aleta A. Trauger. Signed by Judge Aleta A. Trauger on 1/12/06. (kb, ) (Entered: 01/13/2006) |
| 03/31/2006 | 70 | MOTION for Leave to File Under Seal *relating to sentencing hearing* by USA as to Billy Joe Osborne, Dale Kenneth Kubin. (Jones, Byron) (Entered: 03/31/2006) |

| 03/31/2006 | ◑71 | SEALED MOTION by Govt as to defts Billy Osborne and Dale Kubin. (Jones, Byron) (Entered: 03/31/2006) |
|---|---|---|
| 04/03/2006 | ◑72 | ORDER granting 70 Motion by Govt for Leave to File Document Under Seal as to Billy Joe Osborne and Dale Kenneth Kubin. Signed by Judge Aleta A. Trauger on 4/3/06. (as, ) (Entered: 04/04/2006) |
| 04/04/2006 | ◑73 | SEALED ORDER as to Billy Joe Osborne and Dale Kenneth Kubin: Sealed Motion by Govt 71 is GRANTED. Signed by Judge Aleta A. Trauger on 4/4/06. (as, ) (Entered: 04/04/2006) |
| 04/04/2006 | ◑74 | NOTICE OF HEARING as to Billy Joe Osborne and Dale Kenneth Kubin: Sentencing hearing reset for 8/25/2006 at 02:30 PM before District Judge Aleta A. Trauger. (as, ) (Entered: 04/04/2006) |
| 08/04/2006 | ◑76 | MOTION for Leave to File Under Seal by USA as to Billy Joe Osborne, Dale Kenneth Kubin. (Jones, Byron) (Entered: 08/04/2006) |
| 08/04/2006 | ◑77 | Sealed Document (Jones, Byron) (Entered: 08/04/2006) |
| 08/07/2006 | ◑78 | ORDER granting 76 Motion for Leave to File Document Under Seal as to Billy Joe Osborne (1), Dale Kenneth Kubin (2). Signed by Judge Aleta A. Trauger on 8/7/06. (kb, ) (Entered: 08/07/2006) |
| 08/07/2006 | ◑79 | SEALED ORDER as to Billy Joe Osborne and Dale Kenneth Kubin: Sentencings reset for 11/2/2006 01:00 PM in Courtroom 873 before District Judge Aleta A. Trauger. Signed by Judge Aleta A. Trauger on 8/7/06. (kb, ) (Entered: 08/07/2006) |
| 10/13/2006 | ◑80 | MOTION for Leave to File Under Seal by USA as to Billy Joe Osborne, Dale Kenneth Kubin. (Jones, Byron) (Entered: 10/13/2006) |
| 10/13/2006 | ◑81 | DUPLICATE MOTION - MOTION for Leave to File Under Seal by USA as to Billy Joe Osborne, Dale Kenneth Kubin. (Jones, Byron) (Entered: 10/13/2006) |
| 10/13/2006 | ◑82 | Sealed Document (Jones, Byron) (Entered: 10/13/2006) |
| 10/16/2006 | | (Court only) ***DUPLICATE MOTION - Motions terminated as to Billy Joe Osborne, Dale Kenneth Kubin: 81 MOTION for Leave to File Under Seal filed by USA,. (bb-j, ) (Entered: 10/16/2006) |
| 10/16/2006 | ◑83 | ORDER as to Billy Joe Osborne, Dale Kenneth Kubin: Motion by Govt for leave to file document under seal 80 is GRANTED. Signed by Judge Aleta A. Trauger on 10/16/06. (as, ) (Entered: 10/16/2006) |
| 10/16/2006 | ◑84 | SEALED ORDER as to Billy Joe Osborne and Dale Kenneth Kubin: Sealed Motion by Govt 82 is granted. Sentencing reset for 1/8/2007 at 10:00 AM. Signed by Judge Aleta A. Trauger on 10/16/06. (as, ) (Entered: 10/16/2006) |
| 12/21/2006 | ◑85 | Second MOTION to Continue *Sentencing Hearing* by Billy Joe Osborne. (Tidwell, Barry) (Entered: 12/21/2006) |
| 12/22/2006 | ◑86 | ORDER as to Billy Joe Osborne and Dale Kenneth Kubin: Motion by deft Billy Joe Osborne to continue sentencing hearing 85 is granted. Sentencing for deft Billy Osborne is reset for 2/12/2007 at 10:30 AM. Sentencing for deft Dale Kubin is reset for 2/12/07 at 11:00 a.m. Signed by Judge Aleta A. Trauger on 12/22/06. (as, ) (Entered: 12/22/2006) |
| 01/22/2007 | ◑90 | NOTICE OF HEARING as to Billy Joe Osborne: Sentencing hearing is reset for 3/16/2007 at 09:30 AM before District Judge Aleta A. Trauger. (as, ) (Entered: 01/22/2007) |
| 01/24/2007 | ◑91 | ORDER as to Billy Joe Osborne: Petition by USPO for noncompliance with conditions of release. The Court Orders no action. Signed by Judge Aleta A. Trauger on 1/24/07. |

| | | |
|---|---|---|
| | | (kb, ) (Entered: 01/24/2007) |
| 03/09/2007 | ⚫100 | SENTENCING POSITION by USA as to Billy Joe Osborne (Jones, Byron) (Entered: 03/09/2007) |
| 03/09/2007 | ⚫101 | MOTION for Leave to File Under Seal *related to sentencing* by USA as to Billy Joe Osborne. (Jones, Byron) (Entered: 03/09/2007) |
| 03/09/2007 | ⚫102 | Sealed Document (Jones, Byron) (Entered: 03/09/2007) |
| 03/13/2007 | ⚫103 | First MOTION for Leave to File Under Seal *Document Related to Sentencing* by Billy Joe Osborne. (Tidwell, Barry) (Entered: 03/13/2007) |
| 03/13/2007 | ⚫104 | ORDER granting 103 Motion by Billy Joe Osborne for Leave to File Document Under Seal. Signed by Judge Aleta A. Trauger on 3/13/07. (as, ) (Entered: 03/13/2007) |
| 03/13/2007 | ⚫105 | SEALED Sentencing Memorandum as to Billy Joe Osborne filed pursuant to Order 104. (Attachments: # 1 Exhibit A and # 2 Exhibit B)(as, ) (Entered: 03/14/2007) |
| 03/15/2007 | ⚫106 | NOTICE OF HEARING as to Billy Joe Osborne: Sentencing reset for 3/16/2007 01:30 PM before District Judge Aleta A. Trauger. (kb, ) (Entered: 03/15/2007) |
| 03/15/2007 | ⚫108 | Second MOTION for Leave to File Under Seal *Document Related to Sentencing* by Billy Joe Osborne. (Tidwell, Barry) (Entered: 03/15/2007) |
| 03/15/2007 | ⚫109 | Sealed Document (Attachments: # 1 Exhibit Letter in Support of Supplemental Sentencing Position)(Tidwell, Barry) (Entered: 03/15/2007) |
| 03/16/2007 | ⚫110 | ORDER granting 108 Motion by Billy Joe Osborne for Leave to File Document Under Seal. Signed by Judge Aleta A. Trauger on 3/16/07. (as, ) (Entered: 03/16/2007) |
| 03/16/2007 | ⚫111 | ORDER granting 101 Motion for Leave to File Document Under Seal as to Billy Joe Osborne (1). Signed by Judge Aleta A. Trauger on 3/16/07. (kb, ) (Entered: 03/16/2007) |
| 03/16/2007 | ⚫112 | NOTICE OF HEARING as to Billy Joe Osborne: Sentencing reset for 4/2/2007 01:00 PM before District Judge Aleta A. Trauger. (kb, ) (Entered: 03/16/2007) |
| 03/28/2007 | ⚫118 | SENTENCING POSITION by Billy Joe Osborne (Tidwell, Barry) (Entered: 03/28/2007) |
| 04/02/2007 | ⚫119 | Minute Entry for proceedings held before Judge Aleta A. Trauger:Sentencing hearing held on 4/2/2007 as to Billy Joe Osborne. (Court Reporter Becky Cole.) (as, ) (Entered: 04/05/2007) |
| 04/02/2007 | ⚫120 | SEALED Plea Agreement as to Billy Joe Osborne accepted by Judge Trauger on 4/2/07. (as, ) (Entered: 04/05/2007) |
| 04/04/2007 | ⚫121 | TRANSCRIPT EXCERPT of sentencing hearing on 4/2/07 as to Billy Joe Osborne prepared by OCR Becky Cole. (This document is NOT available on-line. Contact the court reporter at 615-254-6727 to purchase a copy) (as, ) (Entered: 04/05/2007) |
| 04/04/2007 | ⚫122 | JUDGMENT on sentencing held 4/2/07 as to Billy Joe Osborne: Plea of guilty to Count 1. Placed on probation for 3 years, with special conditions. Restitution in the amount of $800,000.00, jointly and severally. $100 special assessment. Count 2 dismissed on motion by Govt. Signed by Judge Aleta A. Trauger on 4/4/07. (as, ) (Entered: 04/05/2007) |
| 04/05/2007 | ⚫123 | SEALED STATEMENT OF REASONS re: Judgment 122 as to Billy Joe Osborne. (Copy sent to counsel) (as, ) (Entered: 04/05/2007) |
| 04/10/2007 | ⚫124 | First MOTION to Release Bond Obligation by Billy Joe Osborne. (Tidwell, Barry) (Entered: 04/10/2007) |
| 04/10/2007 | ⚫125 | ORDER granting 124 Motion to Release Bond Obligation as to Billy Joe Osborne (1). |

| | | |
|---|---|---|
| | | Signed by Judge Aleta A. Trauger on 4/10/07. (kb, ) (Entered: 04/10/2007) |
| 04/27/2007 | 126 | DEED OF TRUST RELEASED to Mr. and Mrs. Charles Skultety, Crossville, TN, as to Billy Joe Osborne. (as, ) (Entered: 04/27/2007) |
| 07/31/2007 | 129 | First MOTION to Alter Judgment *by altering special condition of probation* by Billy Joe Osborne. (Tidwell, Barry) (Entered: 07/31/2007) |
| 08/02/2007 | 130 | ORDER granting 129 Motion by Billy Joe Osborne to extend time to comply with probation special condition. Signed by Judge Aleta A. Trauger on 8/2/07. (as, ) (Entered: 08/02/2007) |
| 10/16/2007 | 131 | Second Motion to Modify *conditions of home confinement* by Billy Joe Osborne. (Tidwell, Barry) (Entered: 10/16/2007) |
| 10/17/2007 | 132 | ORDER granting 131 Motion to Modify to allow work related travel as to Billy Joe Osborne (1). Signed by Judge Aleta A. Trauger on 10/17/07. (kb) (Entered: 10/17/2007) |
| 11/13/2007 | 133 | ORDER as to Billy Joe Osborne: JURISDICTION is Transferred to Northern District of Illinois upon that Court's acceptance of jurisdiction. Signed by Judge Aleta A. Trauger on 11/13/07. (kb) (Entered: 11/14/2007) |
| 11/14/2007 | 134 | Transfer of Jurisdiction request sent to Northern District of Illinois as to deft Billy Joe Osborne. (kb) (Entered: 11/14/2007) |
| 02/13/2008 | 137 | Supervised Released Jurisdiction Transferred to Northern District of Illinois at Chicago as to Billy Joe Osborne.(kb) (Entered: 02/19/2008) |
| 02/19/2008 | 138 | Certified copies of pertinent document sent to Northern District of Illinois to effect transfer of jurisdiction as to Billy Joe Osborne. (kb) (Entered: 02/19/2008) |